UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALICIA ANN LINWOOD, executrix in fiduciary capacity only,<br><br>*Plaintiff*,<br><br>v.<br><br>MEDITEMP INC. et al.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§   Civil Action No. 3:25-CV-1238-X<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Alicia Ann Linwood's Motion for Temporary Restraining Order, filed May 21, 2025. (Doc. 5). Plaintiff also moves for declaratory and injunctive relief, to proceed *in forma pauperis*, and for service of process by the U.S. Marshall. (Docs. 3–8).

This is Linwood's third *pro se* action in less than one year. In the earlier actions, Linwood sued in her capacity as "Trustee of the Alicia Linwood Revocable Living Trust." The courts dismissed both actions without prejudice for failure to follow court orders and for want of prosecution.[1]

Plaintiff now sues in her capacity as "Executrix of a private estate."[2] She also seeks an ex parte temporary restraining order (TRO) "to protect property under her

---

[1] *Linwood v. Finance Am. LLC*, No. 3:24-cv-1963-B-BT (N.D. Tex. Feb. 28, 2025) (J., Boyle); *Linwood v. Finance Am. LLC*, No. 3:24-cv-2746-S-BW (N.D. Tex. Oct. 7, 2024) (J., Scholer).

[2] Doc. 9 at 1. In her declaration, Linwood clarifies, "I am not seeking relief as an individual or in my personal capacity." Doc. 9 at 1.

fiduciary authority"—specifically a home at 10423 Chelmsford Drive, Dallas, Texas, 75217.[3]

Linwood's TRO request is insufficient, and further, she cannot bring claims pro se on behalf of an estate.

### A. Linwood's TRO request fails.

Federal Rule of Civil Procedure 65(b)(1) provides that "the court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[4]

Additionally, the Court may grant a temporary restraining order only when the movant establishes *each* of the following four elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.[5]

Linwood's TRO request falls short of both the heightened ex parte standard and the typical four-element standard. Her motion merely makes conclusory statements that the underlying property is "[t]he subject of a void state judgment

---

[3] Doc. 5 at 1–2.

[4] Fed. R. Civ. P. 65(b)(1).

[5] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

issued without jurisdiction," is "[c]urrently being altered and renovated by a third-party," and is "[a]t imminent risk of destruction, devaluation, or loss of equitable remedies.[6]  She alleges that the property is "[c]urrently being altered and renovated by a third-party buyer" and thus that it is "[a]t imminent risk of destruction, devaluation, or loss of equitable remedies."[7]

Linwood provides no facts in an affidavit or verified complaint to support any of these claims, not to mention that fact that this Court cannot interfere with an ongoing state court proceeding.[8]  The *Younger* abstention doctrine "prevents federal courts from exercising jurisdiction when the relief requested 'would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent.'"[9]  "Interference is established whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."[10]

Here, Linwood makes repeated reference to a state court judgment she deems void and to ongoing proceedings with the Fifth District Court of Appeals.[11]  Taking Linwood's allegations as true, it seems she is party to state court proceedings over the ownership of the underlying property.  Therefore, a federal TRO barring

---

[6] Doc. 5 at 1.

[7] Doc. 5 at 1.

[8] *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) (applying the *Younger* abstention doctrine).

[9] *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)).

[10] *Id.* (cleaned up).

[11] Doc. 6 at 1.

3

defendants from entering, occupying, altering, selling, transferring or "[t]aking any action to enforce" the state court judgment would certainly interfere with those state court proceedings.

The Court **DENIES** Linwood's request for a TRO.

### B.     Linwood cannot bring pro se claims on behalf of an estate.

As another Northern District Court has already told Linwood this year, she cannot represent entities pro se.[12]  Individuals "may plead and conduct their own cases personally or by counsel" in the federal court system.[13]  Individuals who do not have a law license may not, however, represent other parties in federal court, even on a next-friend basis.[14]  The Fifth Circuit has permitted individuals to bring survival actions pro se on behalf of estates which have no creditors and of which the plaintiff is the only beneficiary.[15]  To establish that she can bring this action pro se, Linwood must show (1) that she is the sole beneficiary of the estate on behalf of which she is suing and (2) that the estate has no creditors.

The Court therefore **DISMISSES WITHOUT PREJUDEICE** Linwood's complaint and **ORDERS** her to amend the complaint within twenty-eight days to fix this jurisdictional issue.

---

[12] *Linwood*, No. 3:24-cv-2746-S-BW, 2025 WL 432834, at *2, *R. & R. accepted at* 2025 WL 663102 (Feb. 28, 2025) (recommending Linwood's case be dismissed because she failed to either acquire counsel to represent the Linwood Trust or amend her complaint to bring her claims in an individual capacity).

[13] 28 U.S.C. § 1654.

[14] *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).

[15] *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 211–12 (5th Cir. 2016).

Further, the Court **DENIES WITHOUT PREJUDICE** Linwood's motions for declaratory and injunctive relief and for service of process by U.S. Marshall pending screening.[16]

**IT IS SO ORDERED** this 27th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[16] *See* Doc. 10, Notice of Judicial Screening.